UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANNIA
------------------------------------------------------------------X
CATHERINE DELUCIA,

          Plaintiff,

- against -

T & D'S CATS OF THE WORLD, LLC, TERRY MATTIVE, and TJ MATTIVE,

          Defendants.
------------------------------------------------------------------X

Case No.:

**VERIFIED COMPLAINT**

**Jury Trial Demanded**

Plaintiff, CATHERINE DELUCIA ("Plaintiff"), by and through her attorneys Marzec Law Firm, P.C., by way of Complaint, alleges against Defendants T & D'S CATS OF THE WORLD, LLC, TERRY MATTIVE, and TJ MATTIVE (collectively, the "Defendants") (all referred to as, the "Parties") as follows:

## PARTIES

1. Plaintiff CATHERINE DELUCIA is an individual residing at 243 Collignon Way, Apt. 6A, River Valle, NJ 07675.

2. Defendant T & D'S CATS OF THE WORLD, LLC ("T&D") is a Pennsylvania Limited Liability Company with its corporate address at 499 Mountain Road, Penns Creek, PA 17862. T&D owns and operates a zoo, called T & D'S CATS OF THE WORLD, at 363 Mountain Road, Penns Creek, PA 17862.

3. Individual Defendant TERRY MATTIVE ("Mattive") is an owner and operator of T&D. In that capacity, he controlled the zoo, the unlawful possession of Plaintiff's exotic cat, Bentley, and the actions of his son set forth below, referred to herein as TJ MATTIVE.

1

4. Individual Defendant TJ MATTIVE ("TJ Mattive") is the son of Defendant Mattive. On information and belief, TJ Mattive's principal occupation is as an officer or employee of Defendant T&D.

## JURISDICTION

5. The Court has personal jurisdiction over all Defendants as Defendants have maintained systematic and continuous contact with the Commonwealth of Pennsylvania and maintain perpetual, abiding ties with this forum in that they regularly transact a substantial amount of business and have substantial contacts in the Commonwealth of Pennsylvania.

6. The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) as the parties are citizens of different states and the amount in controversy exceeds $75,000.

7. Venue is appropriate in this District as all Defendants have their principal place of business in this District and the property that is the subject of this dispute is in this District.

## FACTS COMMON TO ALL COUNTS

8. On or about June 5, 2021, Plaintiff purchased "Bentley," an exotic cross-breed Savanna/Egyptian Mau cat, for $8,000.00 from a seller in Russia. Bentley had been born on April 13, 2021.

9. Getting Bentley brought to the United States was administratively intensive and extremely expensive. For example, Plaintiff had to obtain a passport for Bentley.

10. Plaintiff is Bentley's registered owner, and Bentley is identifiable by Plaintiff's photographs and veterinarian's records. Moreover, on May 4, 2021, Bentley received a Russian microchip implant numbered 643094800142058. Plaintiff has Russian export documents that

show that she is the owner of the cat with that chip. If that chip has not been removed or replaced, it will positively identify Bentley.

11. Bentley was delivered to Plaintiff at her home in Pearl River, New York on or about June 22, 2021. Plaintiff owned that home.

12. Bentley is Plaintiff's Emotional Support Animal under, among other laws, the Air Carrier Access Act, 49 U.S.C. 41705 and 14 CFR 382.

13. Plaintiff lived with Bentley in Plaintiff's home for approximately two months. During that period, Plaintiff and Bentley grew very close. Plaintiff relied on Bentley for emotional support.

14. During that period, Plaintiff's husband brought a string of unfounded criminal accusations against Plaintiff, resulting in Plaintiff being detained without being arrested. When Plaintiff tried to return to her property in Pearl River, she found that her husband had changed the locks and had obtained an Order of Protection against her.

15. Over a period of about 11 months, Plaintiff was unable to gain entry to her home and property except for two occasions with police escorts to obtain her belongings. While inside, she found that her husband had had her belongings boxed up, and that some of her belongings were missing. Moreover, she was unable to locate Bentley.

16. She then learned that Bentley had been found and turned over to a New York animal rescue organization for safekeeping, and that that organization had turned Bentley over to Defendants, all with no consultation with her.

17. Plaintiff then went to Defendants' zoo, where she saw Bentley confined to a small cage where he appeared to be skinny and in ill health. When Plaintiff attempted to retrieve Bentley,

Defendants Mattive and TJ Mattive verbally threatened and physically assaulted and battered her, pushing her so that her body impacted the ground, leading to emotional and physical injury.

18. Plaintiff has been unable to retrieve Bentley, and she believes that Defendants are still illegally holding Bentley in captivity in their zoo.

19. Defendants benefit from illegally holding Bentley in captivity in their zoo.

**AS AND FOR A FIRST CAUSE OF ACTION**
**(Conversion and Civil Theft)**

20. Plaintiff repeats and realleges each and every allegation contained in the remaining paragraphs of this Complaint, with the same force and effect as though set forth herein in their entirety.

21. Plaintiff had the right to actually possess Bentley.

22. Defendants assumed actual control over Bentley, and thereby interfered with Plaintiff's property in a manner that infringed on Plaintiff's rights.

23. Plaintiff did not consent to Defendants' exercise of control over Bentley.

24. Defendants had no lawful justification for their exercise of control over Bentley.

25. Plaintiff has been damaged thereby.

**WHEREFORE** Plaintiff demands temporary, preliminary, and permanent injunctive relief, and all available damages, interest, and attorneys' fees and costs, including but not limited to punitive and exemplary damages.

**AS AND FOR A SECOND CAUSE OF ACTION**
**(Statutory Replevin - Pa.R.C.P. 1071 et. seq.)**

26. Plaintiff repeats and realleges each and every allegation contained in the remaining paragraphs of this Complaint, with the same force and effect as though set forth herein in their entirety.

27. Bentley's value includes at least the purchase price of $8,000 plus the costs of Bentley's passport, transportation, veterinarian, and additional sums.

28. By virtue of the facts alleged hereinabove, Plaintiff is entitled to replevin of Bentley.

29. By virtue of the facts alleged hereinabove, Plaintiff is entitled to a writ for Bentley's seizure and return to Plaintiff.

30. Plaintiff has been damaged thereby.

**WHEREFORE** Plaintiff demands all available relief including but not limited to issuance and execution of a writ of seizure and replevin and temporary, preliminary, and permanent injunctive relief, and all available damages, interest, and attorneys' fees and costs, including but not limited to punitive and exemplary damages.

### AS AND FOR A THIRD CAUSE OF ACTION
(Assault)

31. Plaintiff repeats and realleges each and every allegation contained in the remaining paragraphs of this Complaint, with the same force and effect as though set forth herein in their entirety herein.

32. Defendants Mattive and TJ Mattive intentionally attempted by force to injure Plaintiff.

33. Plaintiff has been damaged thereby.

**WHEREFORE** Plaintiff demands temporary, preliminary, and permanent injunctive relief, and all available damages, interest, and attorneys' fees and costs, including but not limited to punitive and exemplary damages.

## AS AND FOR A FOURTH CAUSE OF ACTION
**(Battery)**

34. Plaintiff repeats and realleges each and every allegation contained in the remaining paragraphs of this Complaint, with the same force and effect as though set forth herein in their entirety herein.

35. Defendants Mattive and TJ Mattive intentionally attempted by force to injure Plaintiff, and they succeeded in pushing Plaintiff down onto the ground.

36. Plaintiff has been damaged thereby.

**WHEREFORE** Plaintiff demands temporary, preliminary, and permanent injunctive relief, and all available damages, interest, and attorneys' fees and costs, including but not limited to punitive and exemplary damages.

## AS AND FOR A FIFTH CAUSE OF ACTION
**(Intentional Infliction of Emotional Distress)**

37. Plaintiff repeats and realleges each and every allegation contained in the remaining paragraphs of this Complaint, with the same force and effect as though set forth herein in their entirety herein.

38. Defendants' conduct alleged above was intentional, deliberate, willful, extreme, malicious and beyond the bounds of decency and has had the effect of producing severe emotional distress in Plaintiff.

39. Defendants caused Plaintiff to suffer severe distress, stress and emotional pain that no reasonable person could expect to endure.

40. Defendants' actions which caused extreme physical stress, anxiety, anguish, headaches, insomnia and other psychological and physical distress to Plaintiff and have caused Plaintiff to be emotionally drained and physically and emotionally severely distressed.

41. Plaintiff has been damaged thereby.

**WHEREFORE** Plaintiff demands temporary, preliminary, and permanent injunctive relief, and all available damages, interest, and attorneys' fees and costs, including but not limited to punitive and exemplary damages.

### AS AND FOR AN SIXTH CAUSE OF ACTION
**(Negligent Infliction of Emotional Distress)**

42. Plaintiff repeats and realleges each and every allegation contained in the remaining paragraphs of this Complaint, with the same force and effect as though set forth herein in their entirety herein.

43. By virtue of their unlawful conversion and possession of Bentley, Defendants had a fiduciary duty toward Plaintiff.

44. Plaintiff suffered a physical impact.

45. Plaintiff was in a "zone of danger" and at risk of an immediate physical injury.

46. As a result of the facts stated above, Plaintiff suffered immediate and substantial physical harm.

47. Plaintiff has been damaged thereby.

**WHEREFORE** Plaintiff demands temporary, preliminary, and permanent injunctive relief, and all available damages, interest, and attorneys' fees and costs, including but not limited to punitive and exemplary damages.

**WHEREFORE,** on all Causes of Action, Plaintiff demands temporary, preliminary, and permanent injunctive relief, and all available damages, interest, and attorneys' fees and costs, including but not limited to punitive and exemplary damages.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: May 3, 2023
Brooklyn, New York

**MARZEC LAW FIRM, P.C.**

By:  /s/ Darius A. Marzec
Darius A. Marzec, Esq.
Attorneys for Plaintiff
776 A Manhattan Ave, Suite 104
Brooklyn, New York 11222
(718) 609-0303
(718) 841-7508 Fax
dmarzec@marzeclaw.com

## VERIFICATION

COMMONWEALTH OF ~~PENNSYLVANIA~~ NEW JERSEY    )
                                               )ss.
COUNTY OF BERGEN                               )

I verify that the statements made in the foregoing Verified Complaint are true and correct. I understand that false statements herein are made subject to the penalties of 18 Pa.C.S.A. § 4904 relating to unsworn falsification to authorities.

*Catherine DeLucia*
CATHERINE DELUCIA

Signed and sworn to (or affirmed) before me on May __3__, 2023 by CATHERINE DELUCIA (name(s) of individual(s) making statement).

Signature of notarial officer: *Valerie Marc*

Stamp:

> VALERIE MARC
> Notary Public, State of New Jersey
> My Commission Expires Jan 26, 2027

Title of office: NOTARY

My commission expires: 01-26-2027

9